IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID MARTIN,<br><br>    *Plaintiff,*<br><br>v.<br><br>BALDWIN STATE PRISON, *et al.*,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>5:20-cv-00123-TES-MSH |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 21] that that Defendants' Motion to Dismiss Martin's Complaint [Doc. 13] be granted due to Martin's failure to exhaust his administrate remedies. Martin filed objections, so the Court will review the portions of the Magistrate Judge's R&R that Martin objected to *de novo*, and will review the portions not objected to for clear error. 28 U.S.C. § 636(b)(1).

Martin makes two objections to the R&R. First, Martin seems to argue that the Magistrate Judge failed to take the facts alleged in Martin's complaint as true, and that had the Magistrate Judge done so, the administrative remedies here would have been deemed "unavailable," and Martin's failure to exhaust would thus be excused. Further, Martin objects to the Magistrate Judge discounting the facts he set forth in his affidavit

and instead believing the version of events as told by Baldwin State Prison Grievance Coordinator Petrillion Whipple. The Court finds this objection to be without merit and rules that the Magistrate Judge's analysis was correct.

Courts must use a two-step process when analyzing a motion to dismiss for failure to exhaust. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id*. If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id*. "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. The defendant bears the burden of proof during this second step. *Id*.

The Magistrate Judge properly followed this framework; that the Magistrate Judge did not perform a typical motion-to-dismiss analysis and limit his analysis to the four corners of the complaint and accept all of Martin's factual allegations as true does not run afoul of the framework laid out in *Turner*. Further, the Magistrate Judge properly made factual findings during the second step of the Turner analysis, and in doing so found as fact Whipple's assertion that Martin has not filed any grievances while confined at Baldwin State Prison and that he had multiple opportunities to do so. Accordingly, the Magistrate Judge was correct.

2

Next, Martin argues that the Magistrate Judge misapplied *Geter v. Baldwin State Prison*, 974 F.3d 1348 (11th Cir. 2020). [Doc. 22, pp. 10–14]. Specifically, Baldwin argues that his complaint shows both subjective and objective unavailability under *Geter* and that the Magistrate Judge was wrong to find otherwise. Martin argues that the test is whether the defendants—and Martin is referring to Taylor and Easley—*denied* him the grievance procedure. This argument misses the mark. The text of the Prison Litigation Reform Act requires exhaustion of all "available" administrative remedies; whether a prisoner was ever denied a grievance form on a specific occasion is simply not the test. *See* 42 U.S.C. § 1997e(a). Further, the Magistrate Judge correctly reasoned that Martin had opportunity to request a grievance form by travelling to another location at Baldwin State Prison, or by requesting a grievance form while he was seeking treatment in the medical unit on March 2, 2020, 10 days after he was attacked. [Doc. 21, p. 12]. In other words, taking Martin's assertion that Taylor and Easley denied him a grievance form when Martin requested it does not mean the grievance procedure was objectively unavailable as he could have requested and received such a form elsewhere.

In sum, after its *de novo* review of Martin's objections and clear error review of the remainder of the R&R, the Court **ADOPTS** the Recommendation [Doc. 21] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, Martin's case is **DISMISSED without prejudice**.

**SO ORDERED**, this 31st day of March, 2021.

4

        S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**